PUGH, Judge ad hoc.
Mrs. Isabelle Courville Johnson allegedly sustained certain injuries to her thigh and back when she alighted from a taxicab owned and operated by Harry Fontenot. This action was brought by Mrs. Johnson and her husband against Mr. Fontenot and his liability insurer, Canal Insurance Company of Greenville, South Carolina, to recover for damages resulting from the alleged occurrence. From a judgment in favor of defendants, plaintiffs have appealed.
The district court was convinced that Mrs. Johnson “had suffered an injury some place,” but was not persuaded by the evidence adduced that the injuries complained of had been sustained as a result of the operation of the Fontenot cab. The first issue involved is essentially a factual one depending in large part upon the credibility of Mrs. Johnson, Mr. Fontenot, and the passengers in the taxicab, and if this is resolved adversely to plaintiffs’ contentions, then there is no need to discuss the negligence issue.
When Mrs. Johnson completed her duties as a waitress at the Pelican Inn, Eunice, Louisiana, at about 10:30 p. m., February 9, 1958, she telephoned Harry Fontenot, proprietor of a taxicab, to take her and three other employees to their respective homes. Mrs. Johnson sat in the front of Mr. Fontenot’s 1955 Ford Fairlane Fordoor, and the other three employees, Goldie Collins, Ligia Caesar, and Celina Caesar, sat in the rear. Mrs. Johnson was taken to her home first. She testified on direct examination that in getting out of the car, she opened the door all the way with her right hand and that it stayed there; that she then paid Fontenot a fifty-cent fare; that she “slid” out of the car, turned and stood up; that then the door hit her on the upper left thigh, knocking her off balance and causing her to hit her back against the center post of the vehicle; and at that time she “yelled, ‘Oh, my leg!’ ”; that Fontenot asked her if she was hurt and that she replied “I don’t think so”; that when she went in the house, she noted a red spot on her leg; that at two o’clock in the morning she wolce up and could hardly move; that the next morning she notified Fontenot and at his suggestion reported the matter to his insurance agent. She thereafter was hospitalized for eight days. On cross-exam *639 ination she evidenced confusion as to how the injuries had occurred. 'After considerable evasion of defense counsel’s ques-' tions, and finally on questioning by the Court, she stated that when the door closed and hit her, she was facing the taxicab. Of course, it would have been a physical impossibility for her to have gotten out of the right front door, and while facing the cab, to have been struck on the left thigh by the door. When this was pointed out to her by defense counsel, she modified her testimony. Again on cross-examination, she testified that when thrown against the center post by the force of the door, she hit the center lower part of her back, thus contradicting the allegation in her petition that her left lower back was thus struck.
The three other passengers in the car were called as witnesses for their fellow employee, Mrs. Johnson. The first of these, Celina Caesar, testified that as Mrs. Johnson was getting out of the car, she had bumped her knee on the windshield frame, and that she had stated (but had not yelled) “I bumped my knee”; that the door had not slammed on Mrs. Johnson and that the witness had not seen it throw her backwards against the cab. The other two passengers testified to substantially the same facts, with the exception that they did not testify affirmatively that Mrs. Johnson had bumped her knee against the windshield frame.
Mr. Fontenot testified that when Mrs. Johnson had gotten out of the cab, she had stated “I bumped my knee”; that he had not seen her bump her knee; and that he had not seen the door shut and hit her, although he was in a position to see it if it had happened.
The headlights of the taxicab were burning, and there is considerable evidence that the inside light was turned on by the opening of the front door. There is no contention by Mrs. Johnson that the back injury resulted from a blow on the knee. If her upper left thigh had been struck by the closing of the door as she claims, then it would be expected that her statement at the time would have referred to a leg or thigh injury, not a bumping of the knee. Mrs. Johnson’s testimony that at the time she did complain of a leg, not a knee, injury, is not substantiated by the testimony of the other persons in the vehicle. None of the aforementioned witnesses, including Mr. Fontenot, appeared hostile to Mrs. Johnson. Three of them, it will be noted, were co-workers with Mrs. Johnson at the time of the occurrence. If she had sustained the injuries complained of in the manner alleged, it would be expected that one or more of the persons in the vehicle would have been able to so testify.
The trial judge, who saw and heard the witnesses, was of the opinion that the plaintiff had not proven that the injuries complained of had been sustained as a result of the operation of the cab. To so' conclude was certainly not manifestly erroneous.
For the reasons assigned, the judgment appealed from is affirmed, appellants to pay the cost of this appeal.